IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE JURY DIVISION

| | |
|---|---|
| CASSANDRA GRUBB, on behalf of herself and similarly situated employees, <br> Plaintiff, <br> v. <br> ERJ Dining, LLC, <br> Defendant. | CIVIL ACTION <br><br> CASE NO. 3:17-CV-316-DJH <br><br> *Electronically Filed* <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Cassandra Grubb ("Plaintiff"), on behalf of herself and similarly situated employees, brings this collective action lawsuit against ERJ Dining, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is proper under 28 U.S.C. § 1331.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff resides in Boise, Idaho.

4. Defendant is headquartered in Louisville, Kentucky and conducts business in this judicial district.

5. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or working on goods or materials that have been moved in or produced in commerce. Thus, Defendant is covered by the FLSA.

## FACTS

6. Defendant operates over 70 Chili's Grill & Bar restaurants in various states, including, *inter alia*, Illinois, Indiana, and Kentucky.

7. Defendant has employs hundreds of Servers (a.k.a. "Waiters" or "Waitresses") at its restaurants.

8. From approximately October 2014 until approximately August 2015, Plaintiff was employed as a server at Defendant's restaurant in Richmond, Indiana.

9. Defendant pays Plaintiff and other servers an hourly wage below the federal minimum hourly wage of $7.25. For example, Defendant paid Plaintiff an hourly wage of $2.13.

10. In seeking to comply with the FLSA mandate that employees receive a minimum wage, Defendant has utilized a "tip credit" for each hour worked by Plaintiff and other servers. See 29 U.S.C. § 203(m). For example, in compensating Plaintiff, Defendant utilized an hourly tip credit of $4.42 ($7.25 minus $2.13).

11. Defendant has implemented, tolerated, and encouraged a custom and practice whereby Servers are pressured to contribute a portion of their tips to restaurant workers holding the "QA" (a.k.a. "Quality Assurance," "Expediter," or "Expo") position. For example, at Plaintiff's restaurant, management would ask Plaintiff and other Servers: "Did you tip out the QA" or "Don't forget to tip out your QA."

12. The QA's day-to-day job duties and activities consist almost entirely of inspecting and readying food orders from the kitchen for pick-up by the servers.

13. QAs have no meaningful interaction with restaurant customers and do not receive tips from customers.

**COLLECTIVE ALLEGATIONS**

14. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any time within the past three years, were employed in the United States as Servers at Defendant's restaurants.

15. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common practices described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I
### (Alleging Violations of the FLSA)

16. All previous paragraphs are incorporated as though fully set forth herein.

17. The FLSA entitles employees to a minimum hourly wage of $7.25.

18. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips." *See* 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a tip credit when tips are shared with employees – such as Defendant's Expediters – who do not "have more the *de minimis* interaction with the customers." *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294 (6th Cir. 1998); *accord Montano v. Montrose Restaurant Associates, Inc.*, 800 F.3d 186, 192-93 (5th Cir. 2015); *Shahriar v. Smith & Wollensky Restaurant Group*, 659 F.3d 234 (2d Cir. 2011); *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 549-51 (6th Cir. 1999).

19. By implementing, tolerating, and encouraging a custom and practice whereby Servers are pressured to contribute a portion of their tips to QAs, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other Servers. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage below $7.25.

20. In violating the FLSA, Defendant acted willfully and with reckless disregard of

3

clearly applicable FLSA provisions.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. Unpaid minimum wages for every hour worked;

B. Prejudgment interest;

C. Liquidated damages;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Date: May 24, 2017

Respectfully,

s/Andrew J. Horne
Andrew J. Horne
Horne Law Office
517 West Ormsby Avenue
Louisville, Kentucky 40203
(502) 637-1222

Jerry Martin*
David Garrison*
Barrett Johnston Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202

Peter Winebrake*
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*pro hac vice* admission anticipated
*Attorneys for Plaintiff and Putative Collective*